**HESS OIL VIRGIN ISLANDS CORPORATION, Plaintiff**

**v.**

**INGERSOLL–RAND COMPANY, Defendant/Third-Party Plaintiff**

**v.**

**UNIVERSAL OIL PRODUCTS COMPANY, LITWIN CORPORATION and CREOLE PRODUCTION SERVICES, INC., Third-Party Defendants**

Civil No. 1979/178

District Court of the Virgin Islands

Div. of St. Croix

October 26, 1983

VINCENT A. COLIANNI, ESQ. (ISHERWOOD HUNTER AND COLIANNI), Christiansted, St. Croix, V.I., *for defendant Ingersoll*

R. ERIC MOORE, ESQ., Christiansted, St. Croix, V.I., *for third-party defendant Litwin*

ALBERT A. SHEEN, ESQ., Christiansted, St. Croix, V.I., *for third-party defendant Creole*

BRITAIN H. BRYANT, ESQ., Christiansted, St. Croix, V.I., *for plaintiff Hess Oil Virgin Islands Corporation*

JOEL W. MARSH, ESQ., Charlotte Amalie, St. Thomas, V.I., *for third-party defendant Universal*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on motion of defendant Universal Oil Products, Inc. (hereinafter U.O.P.) to dismiss complaint for failure to prosecute this action in the name of the real party in interest or, in the alternative, to add necessary parties plaintiff. Federal Rules of Civil Procedure 17, 19.

U.O.P. argues that plaintiff Hess Oil Virgin Islands Corp. (hereinafter HOVIC) is not the real party in interest in this litigation. U.O.P. asserts that the real parties in interest are HOVIC's insurers who have paid HOVIC for the damages claimed by HOVIC in this action. U.O.P. further argues that if those insurers were joined as parties plaintiff, this Court would be denied jurisdiction over the subject matter of this action because their joinder would defeat diversity of citizenship which U.O.P. claims is necessary for this

Court to entertain this suit. In the alternative, U.O.P. asks the Court to join at least two insurers, the Federal Insurance Company and the American Home Assurance Company.

## I

This Court cannot be divested of jurisdiction in the manner urged by U.O.P. The subject matter jurisdiction of this Court is not dependent upon diversity jurisdiction. Carty v. Beech Aircraft, 679 F.2d 1051 (3d Cir. 1982). The Court in Carty stated at p. 1057:

> [i]n contrast to most federal courts, the District Court of the Virgin Islands is not a court of limited jurisdiction. It is not a United States District Court established under Article III of the United States Constitution, but instead is a creation of Congress pursuant to Article IV's grant of congressional power to govern the territories of the United States. Under the Revised Organic Act, Congress has given the District Court of the Virgin Islands, in addition to its federal question jurisdiction, "general original jurisdiction in all other causes in the Virgin Islands, exclusive jurisdiction over which is not conferred by [the Revised Organic Act] upon the inferior courts of the Virgin Islands." 48 U.S.C., § 1612. In that sense, it is more like a state court of general jurisdiction than a United States district court. Diversity jurisdiction would add nothing to the grant of general jurisdiction contained in the Revised Organic Act. [Citations omitted.]

Therefore, even if the Court were to order HOVIC's insurers joined as parties plaintiff, the Court would retain jurisdiction over this action.

■■ Defendant U.O.P. insists that because plaintiff invoked diversity jurisdiction in its original and amended complaint that this Court may hear this case only if it meets the requirements of federal diversity jurisdiction. This is clearly incorrect. Regardless of how plaintiff styled its assertion of subject matter jurisdiction, this Court may entertain this action pursuant to 48 U.S.C., § 1612. U.O.P. also argues that plaintiff filed the same action based on diversity jurisdiction, in the District Court for the District of New Jersey and that that Court granted a transfer pursuant to 28 U.S.C., § 1404(a) to this Court. Thus, U.O.P. contends this action must satisfy diversity requirements. However, the instant case was already filed in this forum before the "transfer" of the New Jersey action. Nothing was added to this action by any such "transfer." Certainly this Court was not divested of jurisdiction thereby. As a

last attempt, U.O.P. states that it was served process "based upon diversity," and not under the Virgin Islands Long Arm Statute, and that therefore this case requires diversity. This argument has no merit. Service of process is always based on the assertion of personal jurisdiction over a defendant. It is never based on any presumed subject matter jurisdiction. No court has power to assert personal jurisdiction over a person or entity "based on diversity."

## II

When an insurer has paid a claim to an insured, such insurer becomes subrogated to the policyholder's rights and is therefore a real party in interest in any action filed to assert those rights. United States v. Aetna Casualty and Surety Co., 338 U.S. 366 (1949); 3A Moore's Federal Practice ¶17.09[2]. If the insurer has paid part of the loss, both the insured and the insurer are real parties in interest. Id. HOVIC states in its memorandum to the Court in opposition to U.O.P.'s motion to dismiss that the Federal Insurance Company and the American Home Assurance Company are the insurer-subrogees of HOVIC in this action. U.O.P. argues that the Oil Insurance Association (hereinafter O.I.A.) and the Starr Technical Risk Agency (hereinafter Starr) were the insurers and insists that they are the real parties in interest. From the documents submitted by U.O.P. it is apparent that O.I.A. and Starr are administrative arms of their member insurance companies. While it appears that O.I.A. and Starr are closely involved in all phases of issuing policies of insurance, the actual policies are in the names of member companies, in this case the Federal Insurance Company and the American Home Assurance Company. We agree therefore with HOVIC that its true subrogees in this action are the Federal Insurance Company and the American Home Assurance Company. These two entities are real parties in interest in this litigation and their joinder as parties plaintiff will be ordered.[1]

U.O.P. also argues that HOVIC is not a real party in interest and that therefore they should not be allowed to remain in the suit. HOVIC, on the other hand, argues that it had a deductible interest under the insurance policies and that it therefore has not been made whole for the losses it incurred. It is not clear from the pleadings or

---

[1] While the Court is empowered to dismiss a lawsuit for failure to prosecute in the name of the real party in interest, Rule 17 of the Federal Rules of Civil Procedure states that such dismissal shall not take place until a reasonable time has been allowed for joinder. Therefore, we shall allow plaintiff 30 days to join the two insurers.

other documents before the Court whether HOVIC has or has not been completely reimbursed for its losses underlying this lawsuit. It is apparent that there was a $100,000 deductible on one of the insurance policies. We will not order HOVIC eliminated from this suit at this time.

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant Universal Oil Products, Inc., to dismiss the complaint be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that plaintiff is hereby given 30 days from the date hereof to join the Federal Insurance Company and the American Home Assurance Company as parties plaintiff in this action.